GARY M. RESTAINO
United States Attorney
District of Arizona

BRIAN E. KASPRZYK
Assistant U.S. Attorney
Pennsylvania State Bar No. 082701
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
Email: brian.kasprzyk@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>James Frank Zwolinski-Kruska,<br>Defendant. | No. CR-21-00681-PHX-JJT<br><br>**RESPONSE TO OBJECTION TO PRESENTENCE REPORT** |

The United States, through undersigned counsel, respectfully responds to Defendant's Objection to Presentence Report (Doc. 36) filed on November 16, 2022.

The Presentence Investigation Report (hereinafter "PSR") correctly calculates Defendant's Base Offense Level at 20 because the offense included both a Glock 17 9mm handgun (a semiautomatic firearm capable of accepting a large capacity magazine) and because Defendant was a prohibited possessor at the time he committed the instant offense based on his admission of regular, long-term marijuana use to the PSR writer. U.S.S.G. § 2K2.1(a)(4)(B). The PSR also correctly applied a six-level increase for the number of firearms involved (87) and a three-level decrease for Defendant's acceptance of responsibility, resulting in a Total Offense Level at 23. With a criminal history score of zero, Defendant is in Criminal History Category I and his resulting advisory guideline range is 46-57 months in custody.

In support of the determination that Defendant was a prohibited person at the time he committed the instant offense, the PSR writer relies on text messages from Defendant asking for marijuana, text messages containing photographs of marijuana, and text messages from Defendant describing marijuana as "the best he has smoked in a while." (PSR ¶ 19.) Defendant also admitted to the PSR writer that he smoked marijuana during the charged time period. (PSR ¶ 47.)

Defendant objects and argues these facts are insufficient to sustain the increased offense level. Defendant's argument misapplies the corpus requirement. The increased Base Offense Level is not predicated on proof a drug crime, but rather Defendant's own admission of drug use to the PSR writer. (PSR ¶ 47.) Defendant's text messages that were discussed in the PSR serve to corroborate Defendant's admissions. Notably, Defendant's objection does not dispute the fact Defendant sent the texts messages referenced in the PSR or admitted to the PSR writer that he had been a regular marijuana user from the age of 16 up until mid-2021— a time frame that includes the dates of this offense.

Defendant's objection applies a preponderance of the evidence standard. But because Defendant's Base Offense Level of 20 is eight levels higher than it would otherwise be if the Court did not find him to be a prohibited possessor at the time of the offense, his advisory guideline range is nearly doubled and a clear and convincing standard may apply. *See United States v. Valensia*, 222 F.3d 1173 (9th Cir. 2000). Defendant's uncontroverted admissions nevertheless would also meet this higher standard should the Court choose to apply it.

Despite his assertion to the contrary, Defendant's objection, if sustained, would impact the advisory guideline calculation. If the Court were to sustain the objection, Defendant's Base Offense Level would be 12. After factoring in the six-level increase for the number of firearms and the three level decrease for Acceptance of Responsibility, his Total Offense Level would be 15.

///

RESPECTFULLY SUBMITTED this 20th day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Brian E. Kasprzyk*
BRIAN E. KASPRZYK
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2022, I electronically transmitted the attached document to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mr. Joshua Kolsrud
*Attorney for Defendant*

*s/Brian E. Kasprzyk*
United States Attorney's Office